## In Re Anonymous No. 25 D.B. 82

Disciplinary Board docket no. 25 D.B. 82.

KECK, *Member,* March 18, 1983—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (enforcement rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court.

### I. HISTORY OF THE CASE

Respondent [  ] was born December 8, 1942 in [  ]. He attended [   ] Technical College from which he graduated in 1962 after spending his last year at [  ] University in a pre-dental program. Upon graduation he was drafted into the U.S. Army (in 1963) where he remained for approximately 14 years. During that time he attended [   ] University and received an AA degree in Aeronautical Science; also he received a B.S. in Business Administration from [  ] University, [   ]. He attended the University of [   ] Law School and was graduated in 1977. He was married to [  ] of [  ] in 1970. Respondent was admitted to the practice of law in Pennsylvania on or abut May 25, 1979 and was assigned Registration number [   ]. Respondent has not been admitted to practice in any other state. He has never practiced law in Pennsylvania. Upon

leaving law school he went to work in the Worker's Compensation Branch of the U.S. Department of Labor. During his career in the Army he rose from the rank of Private to that of Captain and received numerous decorations in connection with service in Viet Nam and the U.S. Currently he holds the rank of Major in the [  ] National Guard. He resigned his employment with the federal government January 4, 1982 and remained unemployed at the time of his appearance before hearing committee [  ], September 8, 1982.

On August 27, 1981 before [  ], U.S. Magistrate for the District of [  ], respondent pleaded guilty to two counts of sale of U.S. property having value less than $100, to wit: U.S. Department of Labor parking permits, in violation of 18 U.S. Code Section 641.

On November 11, 1981, respondent was sentenced by Magistrate [  ] to probation for a period of 18 months with the following terms and conditions:

1. That he obey all local, state, and federal laws;

2. That he comply with the rules and regulations of the probation department;

3. That he contribute 100 hours to an approved community service organization during the probationary period.

On April 13, 1982, the Supreme Court of Pennsylvania entered an order referring the matter to the Disciplinary Board for institution of formal proceeding pursuant to Rule 214(c) Pa.R.D.E. for the purpose of determining the extent of final discipline to be imposed.

On May 7, 1982, Disciplinary Counsel, by [  ], Assistant Disciplinary Counsel, filed a petition for discipline charging respondent with violation of

A. D.R. 1-102(A)(3) which prohibits illegal conduct involving moral turpitude,

B. D.R. 1-102(A)(4) which prohibits conduct in-

volving dishonesty, fraud, deceit, or misrepresentation,

C. D.R. 1-102(A)(5) which prohibits conduct that is prejudicial to the administration of justice,

D. D.R. 1-102(A)(6) which prohibits conduct that adversely reflects on an attorney's fitness to practice law, and charging further that "respondent's convictions of crimes punishable by imprisonment of up to and including one year are an independent ground for discipline under Rule 203(b)(1) Pa.R.D.E. which asserts '(b) the following shall also be grounds for discipline: (1) conviction of a crime which under enforcement rule 214 (relating to attorneys convicted of crimes) may result in suspension)'."

On July 16, 1982 the matter was assigned to hearing committee [ ] composed of [ ].

On September 8, 1982, a hearing was held. Respondent was represented by counsel and testified in his own behalf.

On December 10, 1982, the report of the hearing committee was filed, recommending four month suspension.

On January 19, 1983, the matter was adjudicated by the Disciplinary Board with the recommendation that respondent be publicly censured by the Supreme Court.

## II. DISCUSSION

By stipulation of facts between Disciplinary Counsel and respondent and by testimony before hearing committee [ ] it was made evident that:

Respondent, with one [A] and one [B], entered into a scheme whereby respondent delivered to two employees of the D.C. Department of [ ] parking permits that had been supplied by [A] and numbered by [B] and which were, in fact, counterfeit.

Respondent received monies for the permits, some of which he retained, some of which he delivered to [A]. Respondent made three such deliveries but refused to be involved further when he became aware that the permits were counterfeit. Respondent realized about $680 from this activity.

In consequence of these actions respondent pleaded guilty to the misdemeanor of unlawful sale of U.S. Government property valued at less than $100.

Respondent had a distinguished military record and had a reputation for honesty, integrity and good character.

Respondent completed the public service required by the conditions of his probation.

In his brief submitted to hearing committee [   ] Disciplinary Counsel cited several instances of criminal conviction for felonies wherein discipline ranged from supension for two years to disbarment. He cited instances of conviction for misdemeanors, mostly tax related, in which discipline was public censure and one conviction for simple assault against a state trooper where discipline was a private reprimand.

Hearing committee [   ] concluded that "Respondent's criminal conviction, involving the unlawful sale of U.S. Government property, involved moral turpitude, dishonesty and deceit, was prejudicial to the administration of justice and adversely reflects on his fitness to practice law." The hearing committee recommended that respondent be suspended from the practice of law for a period of four months.

This board believes that in this particular instance public censure would be a more severe form of discipline than a four-month suspension.

Respondent does not now practice, nor has he

ever practiced, law in Pennsylvania. Apparently he took bar examinations in Pennsylvania because his wife's home was in Philadelphia. Respondent has not lived for any length of time in this Commonwealth. Few persons would take note of his suspension—no fellow lawyers, no judges of the courts. He has no clients to notify. The effect of suspension would be to prevent him from securing employment as a lawyer for the period of the suspension. Already he has been unemployed for a period of at least nine months, having resigned his position with the federal government in consequence of his conviction. A second effect would be to require him to demonstrate his fitness to resume the practice of law before being reinstated.

It is the view of this board that the experience of appearing before the Supreme Court to receive public censure, to hear his transgressions again publicly recounted, to be reminded of his obligations to the courts and to his profession, to be warned against further offenses will be a form of discipline more effective than a four-month suspension which for this respondent can remain essentially private.

## III. CONCLUSION

This board recommends to your honorable court that respondent, [    ], be publicly censured by the Supreme Court of Pennsylvania, and that the costs be paid by respondent.

Mrs. Hammerman and Mrs. Neuman, Messrs. Krawitz and Elliott did not participate in the adjudication.

## ORDER

ROBERTS, *C.J.,* And now, April 5, 1983, the

recommendation of the Disciplinary Board dated March 18, 1983, is accepted, and it is hereby ordered that [Respondent] be subjected to public censure by the Supreme Court of Pennsylvania at the session of court commencing April 18, 1983, in Philadelphia. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.